**HUDSON STEAMSHIP COMPANY, Ltd., Third-Party Plaintiff, Appellant,**

v.

**Luis A. AYALA COLON, Third-Party Defendant, Appellee.**

No. 6059.

United States Court of Appeals First Circuit.

Heard Feb. 6, 1963.

Decided Feb. 19, 1963.

Antonio M. Bird, San Juan, P. R., with whom Hartzell, Fernandez & Novas, San Juan, P. R., was on brief, for appellant.

Miguel J. Rios Lugo, with whom Jose N. Dapena Laguna, Ponce, P. R., and Jose A. Suro, San Juan, P. R., were on brief, for appellee.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

PER CURIAM.

The sole question in this case is who should ultimately bear the loss for damages recovered from appellant shipowner by a longshoreman in the employ of appellee stevedore, injured while the latter was engaged in unloading the vessel. It is undisputed that the injury was due to a defective winch, and that the defect caused the vessel to be unseaworthy. It is also admitted that while appellee, who was operating the winch, agreed to use due care, appellant had contracted to keep the winch in good repair or else furnish a substitute. It further appeared that on at least three occasions prior to the accident appellee, finding the winch defective, had called appellant's attention to the fact. The court found that on each occasion appellant did some work on the winch, told appellee that it was sufficiently repaired, and instructed him to resume. Shortly after the last alleged repair the accident occurred.

Essentially appellant's position is that appellee had the "last clear chance," and that the real cause of the injury was appellee's continuing to work. This issue could arise only if, following the last repair and directions to continue, appellee had learned that the repair had not been effective and had pursued, regardless. Without deciding whether such behavior under these circumstances would have permitted appellant to shift the burden of the loss to appellee, it is sufficient to say that the court did not find, and certainly was not compelled to find, that this was what happened. Indeed, we doubt if the evidence would even have permitted a finding that the defect again manifested itself until the accident. Appellant cannot complain that appellee relied upon its instructions. There was no error.

Judgment will be entered affirming the judgment of the District Court.